WEEMS & COWLES, plaintiffs in error, *vs.* NUSSBAUM & DANNENBURG, defendants.

(BY TWO JUDGES.)—In a suit on a *quantum meruit* for professional services, when there is conflicting evidence as to the amount and efficiency of the services, this Court will only in a very extreme case, reverse the judgment of the Judge refusing a new trial. The jury in such cases are, by law, the proper tribunal to estimate the services, and the Court ought only to interfere in extreme cases, so as that verdict is illegal. 12th March, 1872.

New trial. Before Judge COLE. Bibb Superior Court. May Term, 1871.

Weems & Cowles, as attorneys, sued Nussbaum & Dannenburg for $1,000, as the value of their services as their attorney, in procuring a settlement of a certain case. The evidence was conflicting as to every fact, except that the claim was settled at a saving of $4,900 out of $6,000, claimed from defendants. Plaintiffs claimed that they brought about the settlement and were employed by defendants. Defendants denied employing them in that case, and said they brought about the settlement themselves. No services were shown to have been rendered by Weems & Cowles, except consultations and the filing of pleas which they claimed would defeat the action. The evidence as to the value of their services was variant. The jury found for them $50 and costs. A new trial was moved for upon the grounds that the verdict was contrary to law, etc. The Court refused a new trial and that is assigned as error.

A. O. BACON, by J. R. JACKSON, for plaintiffs in error.

POE, HALL & POE, for defendants.

McCAY, Judge.

This case comes clearly within the rule so often laid down by this Court. Here was a suit for the value of services, a

*quantum meruit.* Even the *evidence* is matter of opinion to a large extent; and this is true, both as to the value of the services in money, as well as to how far the plaintiffs' services affected the settlement. There is also conflicting testimony as to what the contract was. Knowing, as we do, some of the parties, we may have our own views of the proper credit to be given to the statements of each. But we are not a jury, and it is no part of our duty, or is it in the scope of our authority to do this.

We do not think the Judge erred as matter of law, in refusing a new trial.

Judgment affirmed.